UNITED STATES of America

v.

Willie WILLIAMS, Appellant.

No. 89–3135.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 20, 1989.

Decided Nov. 29, 1989.

L.Ed.2d 569 (1988).

Sol Z. Rosen (appointed by this Court), for appellant.

Anthony P. Farley, Asst. U.S. Atty., New York City, of the bar of the District of Columbia Court of Appeals, pro hac vice by special leave of the Court, with whom Jay B. Stephens, U.S. Atty., Washington, D.C., John R. Fisher, Helen M. Bollwerk, Washington, D.C., Patricia Stewart, Eileen C. Mayer and Sharon M. Collins, Asst. U.S. Attys., Los Angeles, Cal., were on brief, for appellee.

Before WALD, Chief Judge, and RUTH BADER GINSBURG, Circuit Judge and FRIEDMAN,* Senior Circuit Judge.

Opinion for the Court filed by Chief Judge WALD.

WALD, Chief Judge:

On August 11, 1989, the district court sentenced Willie Williams to 10 months incarceration pursuant to the Federal Sentencing Guidelines ("Guidelines"). Williams appeals this sentence claiming that his case should be remanded for resentencing on two grounds: (1) that the district court failed to state its reasons for the sentence imposed; and (2) that the court erroneously added two "offense level" increments by taking into account Williams' statement that he was the "manager" of a "crack house." We find that the district judge adequately explained his reasons for the sentence, but improperly applied § 3B1.1(c) of the Guidelines. We remand.

## I. BACKGROUND

Pursuant to a valid search warrant, agents of the Bureau of Alcohol, Tobacco and Firearms raided an apartment where an informant alleged he had purchased crack cocaine from a man known as "Wilbert." The agents found no drugs, but they did recover a sawed-off shotgun from underneath Williams' mattress. The agents arrested Williams and four others inside. After signing a written waiver of his *Miranda* rights, Williams made a written statement admitting ownership of the apartment and the gun. Williams also admitted that he purchased the gun to protect himself and his "crack" cocaine business and that he allowed approximately five other persons to use his apartment to conduct their own drug sales in exchange for $100–$200 per day. Williams was indicted for possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d), and for use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). No charges were filed against the other four arrestees.

Williams pled guilty to the possession offense, and the government dismissed the remaining count. The probation officer's presentence report recommended a sentencing range of 10 to 16 months, based on a "base offense level" of 12 for convictions under 26 U.S.C. § 5861. *See* Presentence Report ("PSR") at 3 & Worksheet A.[1] The

---

* Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The presentence report noted § 2K2.3 as the proper base offense Guideline for convictions under 26 U.S.C. § 5861 and the defendant does not dispute the selection of this base offense level. We note, however, that § 2K2.3 is entitled "Prohibited Transactions in or Shipment of Firearms and Other Weapons," whereas the presentence report referred to it as "Possession of Unregistered Firearms," which more closely describes § 2K2.2 ("Receipt, Possession, or Transportation of Firearms in Violation of National

report then recommended a two-level reduction from the offense level in consideration of Williams' acceptance of responsibility and assistance to the government, *see* Guidelines § 3E1.1, and, a two-level "role in the offense" increment because of Williams' post-arrest statement admitting that he was, in effect, the "manager" of a "crack house," *see* Guidelines § 3B1.1(c); PSR at 3 & Worksheets A and D. At both the presentence and sentencing hearings, Williams objected to this two-level increment, claiming that the court improperly based the increase on his post-arrest statement. Accordingly, Williams contended that he should instead have been sentenced within the Guidelines range specified for offense level 10, a range of 6 to 12 months. The district judge found the two-level increase appropriate and sentenced Williams to 10 months, the lowest sentence within the 10 to 16 month range under offense level 12, criminal history level I.[2]

## II. Analysis

### A. *Overlap of Sentence Range of Level 10 and Level 12*

■ Where the sentence falls within either of two arguably applicable Guidelines ranges and it is clear that the same sentence would have been imposed under either Guidelines range, the court need not resolve the dispute. *See United States v. Bermingham*, 855 F.2d 925, 930–31 (2d Cir. 1988); *see also* Guidelines, Ch. 1, Part A, Introduction 4(h). Where it appears, however, that the district court chose a sentence because it was at the low end of the applicable Guidelines range, the court should remand for proper resentencing. *See, e.g., United States v. Vasquez*, 874 F.2d 250, 252 (5th Cir.1989).

In this case, the government urged the district court to sentence Williams at the low end of the Guidelines range for offense level 12. In apparent compliance with the government's recommendation, the court

imposed a sentence of 10 months. For that reason, this court can assume that Williams might have received a lower sentence had level 10 applied. Therefore, since a remand could result in a lower sentence, we must proceed to the merits of this appeal.

### B. *The District Court's Statement of Reasons for Sentence*

Williams argues that the district court's acquiescence in the government's recommended sentence, and its failure to explain the basis for the sentence imposed violated 18 U.S.C. § 3553(c), which requires the court, at the time of sentencing, to "state in open court the reasons for its imposition of the particular sentence...." We find that the district judge adequately explained the reasons for the sentence.

On appeal, the record on review includes the portions of the record the parties designate as pertinent, the presentence report, and information submitted during the sentencing proceeding. 18 U.S.C. § 3742(d). An examination of this record reveals that the district court found, and the parties do not dispute, that the proper base offense level for this conviction is 12. The two-point downward adjustment, also not in dispute, credits appellant's acceptance of responsibility for his offense. The two-point upward adjustment, which appellant does dispute, reflects the district court's consideration of appellant's "role in the offense," as a "manager" of a "crack house."

Although the court did not explicitly state that the two-level increase was for appellant's "role in the offense" pursuant to Guidelines § 3B1.1(c), the record clearly shows that the district court assessed the two points pursuant to that provision. Additionally, the record demonstrates that the district court selected the particular 10 month sentence, the lowest available under offense level 12, because of appellant's cooperation with the police. Such an expla-

---

Firearms Act"). This appears to be merely a mechanical error of no moment, since both §§ 2K2.2 and 2K2.3 can properly apply to 26 U.S.C. § 5861 offenses and both provide for base offense levels of 12.

**2.** Williams was also sentenced to three years supervised release upon release from confinement, to participation in a drug aftercare program, and to pay a special assessment of $50.00.

nation of the selection of a point within a particular range was not even required since the applicable Guidelines range did not exceed 24 months. 18 U.S.C. § 3553(c)(1). *See also United States v. Ehret,* 885 F.2d 441 (8th Cir.1989); *United States v. Duque,* 883 F.2d 43, 44–45 (6th Cir.1989). Accordingly, we conclude that the district court adequately stated its reasons for the sentence imposed.

In reviewing a sentence, the court of appeals must determine whether the sentence was imposed "in violation of law" or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(e). To facilitate review of a sentence imposed under the Guidelines, the sentencing judge must address the defendant's arguments in a manner that is understandable when the sentencing hearing is viewed in the context of the record, including the presentence report. *See United States v. Lopez–Escobar,* 884 F.2d 170, 173 (5th Cir.1989). In particular, to aid this court in determining the propriety of a sentence, the district court should refer by section to the Guidelines upon which it relies, or expressly state that it is imposing a sentence in accordance with the Guidelines sections identified in the presentence report. We find in this case, however, that reading the record as a whole, the district judge did make his reasons for imposing the sentence clear.

### C. *Two–Point Enhancement for Williams' Role in the Offense*

■ The district court made an upward adjustment in Williams' sentence of two offense levels pursuant to Guidelines § 3B1.1(c). That section states:

*Based on the defendant's role in the offense,* increase the offense level as follows:

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Guidelines § 3B1.1(c) (emphasis added). Williams challenged this adjustment on two grounds. First, he argued that the sentencing court should not have considered his post-arrest statement because it related to the drug count which the government had dismissed. Second, he contended that the district court could not rely on the statement without conducting an evidentiary hearing to determine its reliability. In general, the Guidelines permit a sentencing court to consider reliable information beyond that relating to the offense of conviction, including the type of information to which appellant objects. Indeed, Guidelines § 1B1.3 requires courts to take account of "relevant conduct" where appropriate in the Guidelines scheme. A court would be well within its authority, for example, to rely on such information in determining the sentence to impose *within* the applicable Guidelines range, *see* Guidelines § 1B1.4, or in determining the appropriate base offense level *within* a Guideline which provides for multiple offense levels. *See* Guidelines § 2D1.1; *see also United States v. Wright,* 873 F.2d 437 (1st Cir.1989); *United States v. Fernandez,* 877 F.2d 1138, 1141–42 (2d Cir.1989). Because the primary question in this case is whether the district court should have applied Guidelines § 3B1.1(c) in the first instance, however, we need not address appellant's arguments concerning the relevance and reliability of the "relevant conduct" information available to the district court.[3] The

**3.** In this case, the police informed Williams of his *Miranda* rights and he signed a written waiver of those rights before making a statement that he had been conducting a "crack" cocaine business, and that he allowed approximately five different people to conduct their own "crack" cocaine sales in return for $100–$200 per day. In response to the district court's inquiry about his post-arrest statement, Williams admitted that it had been "accurate." Pre. Tr. at 7. We note that under the Guidelines, the district court's resolution of disputed

sentencing factors can have a measurable effect on the applicable punishment. *See* Guidelines § 6A1.3 commentary. If the district court, in resentencing, decides to rely upon the information in the post-arrest statement or that provided by the unidentified informant, the court might ensure that appellant has had an adequate opportunity to present any objections to the court regarding such information and that the information has sufficient indicia of reliability to support its probable accuracy. *See* Guidelines § 6A1.3(a).

critical flaw in the district court's application of § 3B1.1(c) is not that it was improper to rely on certain information in finding that Williams was a "manager" of a "crack house," but that it was inappropriate to apply § 3B1.1(c) in a case where the defendant was convicted of an offense that did not involve more than one participant.[4]

Williams pled guilty to "possession of a sawed-off shotgun." Nevertheless, the probation department added two points to his offense level for his role in a drug trafficking operation, *i.e.*, being a "manager of a crack house," even though the offense for which Williams was convicted did not involve drug trafficking. We believe Guidelines § 3B1.1(c) requires the judge to look at the defendant's role in the *offense of conviction*, not his role in any relevant aggravating conduct in which he may have engaged.

Under Part B of Chapter 3 of the Guidelines, a sentencing court may adjust the offense level to reflect accurately the defendant's culpability in the crime, that is, his "role in the offense." Guidelines § 3B1.1 allows the sentencing court to increase the offense level if the defendant was an "organizer," "leader," "manager," or "supervisor," *see* Guidelines § 3B1.1(a), (b), or (c), and § 3B1.2 allows the court to decrease the offense level if the defendant was a "minimal" or "minor" participant.[5] *See* Guidelines § 3B1.2(a) or (b). The introductory commentary to these sections states that "[w]hen an offense is committed by more than one participant, § 3B1.1 or § 3B1.2 (or neither) may apply." Unless the defendant abused a position of trust or used a special skill in committing the offense, *see* Guidelines § 3B1.3, the Guidelines do not otherwise provide for "role in

the offense" adjustments. *See* Guidelines § 3B1.4 ("In any other case, no adjustment is made for role in the offense."). In delimiting the "role in the offense" adjustment in this fashion, the Sentencing Commission explicitly recognized that many offenses are committed by a single individual or by individuals of roughly equal culpability, and that "none of them receive an adjustment under this Part." Guidelines § 3B1.4 commentary.

Additionally, the phrase "the offense," as it appears in context, "[b]ased on the defendant's role in *the offense*," plainly refers to the offense for which the defendant was convicted. *See* Guidelines § 3B1.1 (emphasis added). *See also United States v. Nuno–Para*, 877 F.2d 1409, 1413 (9th Cir.1989) (guidelines provide for a number of upward adjustments from the base level, "including the defendant's role in the offense *of which he was convicted*") (emphasis added). Throughout the statutory scheme, the Guidelines distinguish between relevant *conduct* on the one hand, and the *offense* of conviction on the other. Under Guidelines § 1B1.3, for example, the sentencing judge shall take "relevant conduct" into account in determining which of several overlapping base offense levels applies, in determining specific offense characteristics, and in making chapter three adjustments. Relevant conduct is defined as "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or ... that otherwise were in furtherance of that offense." Guidelines § 1B1.3(a). As a rule of construction, however, this provision is

---

**4.** Appellant did not raise this specific argument. He did, however, challenge the two-point increase on other grounds. Given that 18 U.S.C. § 3742(e) directs the courts of appeal to determine whether the sentence was imposed "as a result of an incorrect application of the guidelines," and in the interests of uniform circuit application of the Guidelines, we believe it is appropriate to address the issue of whether Guidelines § 3B1.1(c) was properly applied in this instance. We note also that the government in its brief attempted to justify the two-point upward adjustment on grounds other than

Guidelines § 3B1.1(c); indeed, the government never mentions Guidelines § 3B1.1(c). Nothing in this record suggests that the district court relied on those alternative grounds, and we, therefore, do not consider them. *See* 18 U.S.C. § 3553(c).

**5.** A "participant" is a "person who is criminally responsible for the commission of the offense, but need not have been convicted." Guidelines § 3B1.1 Application note 1.

to be applied only "in the absence of more explicit instructions in the context of a specific guideline." Guidelines § 1B1.3 Background. The Commission has provided more explicit guidance in § 3B1.1 et seq. by focusing on the defendant's role in the offense, and not on his role in all relevant conduct surrounding that offense.

In a case in which the offense involves more than one participant, we will give due deference to the district court's decision to adjust the offense level upward or downward under §§ 3B1.1 or 3B1.2. *See* 18 U.S.C. § 3742(e). As other circuits have recognized, the district court is in the best position to assess the defendant's relative culpability vis-a-vis other participants in the offense. *See, e.g., United States v. Haynes,* 881 F.2d 586, 588 (8th Cir.1989) (conspiracy to distribute cocaine; organizer in drug distribution scheme); *United States v. Diaz–Villafane,* 874 F.2d 43, 49 (1st Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989) (possession with intent to distribute heroin; "manager"); *United States v. Mejia–Orosco,* 867 F.2d 216 (5th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989) (manager of illegal transportation of aliens into the United States); *United States v. Velasquez–Mercado,* 872 F.2d 632 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989); *cf. United States v. Wright,* 873 F.2d 437, 442–43 (1st Cir.1989) (court rejected defendant's request for downward adjustment under Guidelines § 3B1.2, concluding that defendant was not a minimal participant insofar as it was the defendant himself who possessed the cocaine and no other participant was needed to complete the offense).

Nonetheless, a § 3B1.1 adjustment can only be considered when the defendant has a role in the offense for which "relative responsibility" can be allocated. *See* Guidelines § 3B1.1 Background; *see also United States v. Daughtrey,* 874 F.2d 213, 216 (4th Cir.1989). The offense of conviction itself must involve more than one participant. In this case, because the offense

of conviction, possession of a sawed-off shotgun, did not involve more than one participant, the district court had no cause to allocate relative responsibility and, therefore, improperly assessed the two-level increase. *See United States v. Foster,* 876 F.2d 377 (5th Cir.1989) (court remanded a district court sentence because the sentencing judge, pursuant to Guidelines § 3B1.3, had increased the defendant's offense level by two points for conduct not relevant to *"the* offense" of conviction) (emphasis added).

### III. CONCLUSION

This case demonstrates another of the many wrinkles that courts face in the initial phase of implementing the complex Sentencing Guidelines scheme. To facilitate appellate review and to ensure uniform application of the Guidelines, the district court record should identify with precision both the Guidelines section(s) that the probation officer used and that the judge relied upon. This procedure will help prevent errors, both mechanical (*e.g.,* incorrect citations to Guidelines sections, *see supra* note 1) and interpretive (*e.g.,* misapplication of Guidelines, such as § 3B1.1). In the interest of fostering uniform application of these new Sentencing Guidelines, and consistent with our authority under 18 U.S.C. § 3742(e)(2) to ensure that the Guidelines are properly applied, we remand for resentencing without the § 3B1.1(c) adjustment. *See* 18 U.S.C. § 3742(f)(1).

*Remanded.*[6]

---

**6.** The clerk is directed to issue forthwith a certified copy of the judgment in lieu of formal mandate. Because of the short duration of the original sentence remaining to be served, we urge the trial judge to act expeditiously in resentencing the defendant.