922 F.2d 843
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hoyt Axton FARMER, Defendant-Appellant.
 No. 89-3196.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1990.*
Decided Jan. 7, 1991.
 
 Before POSNER, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Hoyt Farmer was named in a three count indictment charging one count of conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. Sec. 846 and two counts of distributing over 500 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(2).[1] Pursuant to a plea agreement, Farmer entered a plea of guilty to the third count which charged that Farmer knowingly distributed 1001.6 grams of cocaine on April 8, 1988.[2] The other charges were dismissed pursuant to the plea agreement. Farmer was sentenced to 108 months imprisonment. In this direct appeal, Farmer contends that the district court erred in refusing to give him a two to four point reduction under the Sentencing Guideline 3B1.2(a) or 3B1.2(b) for a minimal or minor role in the offense.[3]
 
 I.
 
 2
 Farmer was part of several ongoing drug conspiracies. In December, 1987, Farmer and co-conspirator George Russell entered into negotiations with undercover DEA agent Schaefer for the sale of ten kilograms of cocaine. Although these initial negotiations were largely unsuccessful, defendant Farmer continued to have telephone conversations with Schaefer discussing future attempts to consummate a drug sale.
 
 
 3
 In February, 1988, co-conspirator Russell enlisted the aid of a new cocaine source, namely Amelia Figueroa, to obtain the cocaine to be sold to Schaefer. In a telephone conversation held on March 31, 1988, Farmer and agent Schaefer discussed the sale of one kilogram of cocaine to be provided by Figueroa. Farmer stated that he and either Figueroa or Lavetta Russell would go to Illinois during the following week to sell the cocaine to Schaefer. On April 7, 1988, agent Schaefer called Farmer about this cocaine sale, which was supposed to take place on April 8, 1988. Farmer informed Schaefer that everything was prepared for the deal to take place. He also informed Schaefer that he had another deal planned, but would try to make time so that he could be there for the delivery to Schaefer. Farmer was not present at the delivery. However, on April 8, 1988, George Russell sold one kilogram of cocaine to agent Schaefer in a parking lot in Springfield, Illinois. After the exchange, Schaefer went to a lounge with several other co-conspirators, at which time he was informed that this kilogram was part of a 100 kilogram shipment from which Schaefer could buy ten kilograms.
 
 II.
 
 4
 On appeal Farmer does not challenge the district court's calculation of the base level under the Sentencing Guidelines for his offense. He only challenges the district court's refusal to apply a reduction for minimal or minor participation in the offense under Guideline section 3B1.2(a) or (b). This court has recognized that:
 
 
 5
 The application of Sec. 3B1.2(b) [or (a) ] "involves a determination that is heavily dependent upon the facts of the particular case," see Sec. 3B1.2 Commentary, and we will reverse the district court's determination only if such a decision is clearly erroneous.
 
 
 6
 United States v. Bigelow, 914 F.2d 966, 975 (7th Cir.1990) (citing United States v. Miller, 891 F.2d 1265, 1270-71 (7th Cir.1989)).
 
 
 7
 In an analogous case, United States v. Tetzlaff, 896 F.2d 1071 (7th Cir.1990), this court explained the type of information a court may consider in determining whether to enhance a sentence under Guideline section 3B1.1 concerning an aggravating role in the offense. This court noted that, unlike other sections of the guidelines, this section "requires the sentencing judge to look at 'the defendant's role in the offense ' of conviction, ... not his role in any relevant aggravating conduct in which he may have engaged." Tetzlaff, 896 F.2d at 1074 (emphasis in original). Guideline section 3B1.2, entitled "mitigating role," contains similar language. Therefore, consistent with Tetzlaff, in determining whether Farmer was entitled to a reduction in his offense level for a mitigating role in the offense, we must look only at the role he played in the offense for which he was convicted.[4]
 
 
 8
 The record reveals that the district court carefully considered Farmer's requested reduction. The court heard testimony from both Agent Schaefer and Farmer, reviewed the transcripts of Farmer's telephone conversation with Agent Schaefer during the conspiracy, and considered the presentence report and arguments of counsel. The court then decided to deny reduction stating:
 
 
 9
 There is no way that this Court could find that you are either a minimal or minor participant here. You are a substantial participant in this entire situation. The Court must find that. And there is no way that I could go for a two point reduction here for that very reason.
 
 
 10
 Sentencing Transcript at p. 129.
 
 
 11
 At first glance, it might appear, from this statement, that the district court considered Farmer's role in the entire criminal enterprise, not only his role in the crime for which he was convicted. However, a review of the record makes it clear that Farmer's substantial role "in this entire situation" necessarily included a substantial role in the crime for which he was charged. Indeed, his telephone calls to the undercover agent were important steps in arranging the meeting that culminated in the illegal distribution to which he pleaded guilty.
 
 
 12
 The district court's finding that Farmer was not a minimal or minor participant is not clearly erroneous. The decision of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 According to the criminal docket sheet, Farmer was also charged with aiding and abetting on Counts II and III, the charges for distribution of cocaine. These allegations are not contained in the indictment. The docket sheet reflects that these aiding and abetting charges were dismissed
 
 
 [2]
 Farmer pled guilty only to a charge of distributing 1001.6 grams of cocaine on April 8, 1988 in violation of 21 U.S.C. Sec. 841(a)(1). The written plea agreement contained the following factual basis:
 In pleading guilty, the defendant agrees that from February 5, 1988, or before, and continuing through at least April 8, 1988 at Springfield, Illinois and elsewhere, he knowingly and intentionally conspired with George E. Russell, Amelia Figueroa, Lavetta Russell, and others to distribute cocaine. As part and in furtherance of that conspiracy, the following acts were committed:
 a. On March 31, 1988, the defendant had a telephone conversation with an undercover DEA agent who was in Springfield, Illinois in which the defendant agreed to sell the agent one kilogram of cocaine in Springfield, Illinois.
 b. On April 8, 1988, at Springfield, Illinois, one of the defendant's co-conspirators, George E. Russell, knowingly and intentionally sold and distributed approximately 1001.6 grams of 94 percent pure cocaine to the undercover DEA agent.
 
 
 [3]
 Sentencing Guideline Sec. 3B1.2 provides:
 Based on the defendant's role in the offense, decrease the offense level as follows:
 (a) If the defendant was a minimal participant in any criminal activity, decrease by four levels.
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 In cases falling between (a) and (b), decrease by 3 levels.
 
 
 [4]
 We recognize that the district court made its sentencing determination before this court decided Tetzlaff