936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Albert RICHARDS, also known as Kenneth P. Griffin,
Defendant/Appellant.
 No. 89-1966.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 25, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 I. BACKGROUND
 
 1
 Albert Richards was arrested after attempting to arrange for the purchase of one kilogram of cocaine by telephone from codefendant Billy Cannon. In actuality, Richards was speaking with a detective. Richards was charged in three counts of a five count superseding indictment. He pleaded guilty to attempting to purchase one kilogram of cocaine with intent to distribute, 21 U.S.C. Secs. 841(a)(1) and 846, pursuant to a plea agreement in which the government agreed to dismiss the other counts against him.[1]
 
 
 2
 Subsequent to the guilty plea hearing, the government disclosed evidence of related drug activity in which Richards was involved. Richards objected to the evidence, and the court heard testimony prior to the sentencing hearing from both Richards and Cannon. Cannon testified that he had participated in four additional transactions with Richards, each involving one-half kilogram of cocaine. The court found Cannon's testimony more credible than Richards'. Accordingly, at the sentencing hearing the court increased Richards' offense level under the Sentencing Guidelines by two points from 28 to 30 and sentenced him to a 121-month prison term followed by four years supervised release. Richards appeals from this sentence.
 
 II. ANALYSIS
 
 3
 Section 1B1.3(a)(2) of the Sentencing Guidelines directs a sentencing judge to take into consideration other relevant conduct[2] that is not formally charged or is not an element of the offense of the conviction if it is "part of the same course of conduct or of a common scheme or plan as the offense of conviction." United States v. Ruiz, No. 90-1787, slip op. at 16-17 (7th Cir. May 17, 1991) (quoting U.S.S.G. Sec. 1B1.3(a)(2)). The quantity of drugs involved in such acts is considered in determining a defendant's offense level. See Commentary, U.S.S.G. Sec. 1B1.3.
 
 
 4
 Richards contends that increasing the period of incarceration under the Sentencing Guidelines for other relevant conduct violates the fifth and sixth amendments where the defendant has not been charged with that conduct and where the standard of proof is less than beyond a reasonable doubt. Richards attacks the validity of his sentence because the sentencing court increased his base offense level by including the amounts of cocaine involved in his other relevant conduct. He argues that the quantity of cocaine constituted an essential element that should have been proven beyond a reasonable doubt.
 
 A. Increased Period of Incarceration
 
 5
 We first note that Richards' assertion that he received an additional term of incarceration because his offense level was increased is misleading. The guideline range at offense level 28 is 97 to 121 months. At offense level 30, it is 121 to 151 months. Richards' sentence of 121 months was within the guideline range at both offense levels. The government has not argued that this dispute could be resolved on the basis of the overlap, United States v. Tetzlaff, 896 F.2d 1071, 1073 (7th Cir.1990), and therefore has waived this argument on appeal. United States v. Ramos, Nos. 90-2383 and 90-2470, slip op. at 7 n. 7 (7th Cir. May 8, 1991).
 
 B. Elements of an Offense
 
 6
 The elements that the government must prove in order to convict a defendant can be found in the statutory definition of the offense. Patterson v. New York, 432 U.S. 197, 210 (1977). ("[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged.") Neither section 841(a)(1) nor section 846 requires that the government prove a specific quantity of drugs in order to secure a conviction. See United States v. Ebbole, 917 F.2d 1495, 1501 (7th Cir.1990) (noting that the quantity of drugs is not an element of crimes such as possession with intent to distribute). The Sentencing Guidelines have neither changed nor added any elements to drug offenses. United States v. Reynolds, 900 F.2d 1000, 1004 (7th Cir.1990). The quantity of drugs is a factor that comes into play only after the conviction. See United States v. White, 888 F.2d 490, 498 (7th Cir.1989) (a sentence is based on the seriousness of the crime, which often depends on the quantity of drugs involved). Therefore, Richards' argument that the quantity of drugs constitutes an element of an uncharged offense fails.
 
 
 7
 This court has upheld the function of Section 1B1.3 of the Sentencing Guidelines to increase a sentence in proportion to the amount of drugs involved where those quantities were "part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Rodriquez-Nuez, 919 F.2d 461, 464 (7th Cir.1990). A court may consider quantities of drugs included in counts that were dismissed pursuant to the terms of a plea agreement as well as activity for which a defendant has never been charged or convicted. United States v. Salva, 902 F.2d 483, 488 (7th Cir.1990). Richards has not convinced us that the rule in this circuit is constitutionally impermissible.
 
 C. Burden of Proof
 
 8
 Richards argues that the court violated his constitutional rights by not applying the beyond a reasonable doubt standard of proof at sentencing. The Constitution does not establish a sentencing burden of proof. Jones v. Thieret, 846 F.2d 457, 462 (7th Cir.1988). The Sentencing Guidelines have adopted the preponderance of the evidence standard for resolving disputes. U.S.S.G. Sec. 6A1.3. See White, 888 F.2d at 499. It is well-settled that where the severity of the punishment is linked to the existence or nonexistence of exculpatory or mitigating facts, the preponderance of the evidence standard will satisfy due process. McMillan v. Pennsylvania, 477 U.S. 79, 84 (1986); see also United States v. Fonner, 920 F.2d 1330, 1333 (7th Cir.1990); White, 888 F.2d at 499.
 
 
 9
 Richards has failed to establish that he was sentenced in violation of his constitutional rights. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The counts against Richards that were dismissed were for conspiracy to distribute in excess of five kilograms of cocaine and using a telephone in an attempt to acquire one kilogram of cocaine
 
 
 [2]
 The relevant conduct section 1B1.3(a)(2) applies to "[o]ffenses of a character for which Sec. 3D1.2(d) would require grouping of multiple counts." United States Sentencing Commission, Guidelines Manual at 1.17, Application Note 2. However, multiple convictions are not required. Id