962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rita M. MCKNIGHT, Defendant-Appellant.
 No. 91-2692.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 12, 1992.
 
 1
 Before RIPPLE, and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Appellant Rita Mae McKnight entered a plea of guilty to two counts of aiding and abetting theft or receipt of stolen mail in violation of 18 U.S.C. §§ 1708 and 2. The district court found the appropriate offense level under the Sentencing Guidelines to be 12, and imposed a sentence of twenty-one months of imprisonment and three years of supervised release. In this appeal of her sentence, Ms. McKnight disputes the court's assessment of a two-point enhancement, pursuant to § 3B1.1(c) of the Guidelines, on the ground that she was an organizer, leader, manager, or supervisor.[1]
 
 
 3
 The indictment charged Ms. McKnight with five counts of possession of stolen mail. Pleading guilty to Counts I and II, she admitted the unlawful possession of social security checks payable to Andrew Brown and to Lorraine Marciniak that had been stolen from the mail. The offensive conduct described in the plea agreement was a scheme among an adult and several juveniles to steal and to cash the social security checks of elderly persons. In her written statement, Ms. McKnight related that a juvenile, Terrance Neely, stole the mail of social security recipients and brought her the checks; sometimes, however, they stole the checks together. She stated that he would forge the signatures on the checks, and she would sign her own name and cash them. Ms. McKnight admitted that she and Terrance Neely split the proceeds from Mr. Brown's check; she kept all of the cash from the Marciniak check.
 
 
 4
 The appellant objected to the enhancement of her sentence by two levels for her leadership role in the scheme. She insisted that she and Mr. Neely were co-equal partners and that he actually started the scheme. Choosing instead to believe the government's version of the facts, the district court determined that Ms. McKnight's role in the offense was that of an organizer and leader.
 
 II.
 
 5
 Our review of the imposition of an adjustment under the Sentencing Guidelines is deferential. This court accepts the district court's findings of fact unless they are clearly erroneous, and gives due deference to its credibility determinations and its application of the Guidelines to the facts. 18 U.S.C. § 3742(e); United States v. Duarte, 950 F.2d 1255, 1262 (7th Cir.1991). Whether the defendant was a supervisor is a question of fact. United States v. Golden, 954 F.2d 1413, 1418 (7th Cir.1992); United States v. Camargo, 908 F.2d 179, 185 (7th Cir.1990). Thus, absent a contention that the district court has misconstrued the Guidelines, we review the court's enhancements under § 3B1.1 for clear error. United States v. Jewel, 947 F.2d 224, 235 (7th Cir.1991). Section 3B1.1(c) requires the sentencing judge to examine the defendant's role solely in the offense of conviction and not in the aggravating conduct. United States v. Rodriguez-Nuez, 919 F.2d 461, 465 (7th Cir.1990); United States v. Tetzlaff, 896 F.2d 1071, 1075 (7th Cir.1990). However, because the determination of a defendant's role is factual, the district court must draw inferences from a variety of data, including information in the presentencing report, in order to reach such a conclusion. United States v. Hernandez, 931 F.2d 16, 17 (7th Cir.1991) (per curiam).
 
 A.
 
 6
 The district court did properly consider Ms. McKnight's role in the unlawful possession of social security checks. Weighing the conflicting evidence presented by Ms. McKnight and the government, it found the government's version to be more credible.
 
 
 7
 The court simply finds it enormously improbable that Ms. McKnight, who once was placed on pretrial diversion for uttering U.S. Treasury checks and possession of stolen mail, simply was drawn into a plot hatched by a juvenile or that she, a 38-year-old adult, was only an equal partner with the juvenile.
 
 
 8
 Order of July 16, 1991 at 3-4. Noting that she recruited one or more juveniles to steal and cash checks, directed the scheme, and allocated the proceeds, it then held that the defendant was an organizer and leader. Id. at 4.
 
 
 9
 Our review reveals that the district court's determination was not clearly erroneous. The subject of the offense of conviction was the social security checks. The evidence, including the appellant's own statement in the plea agreement, showed that Ms. McKnight was the recipient and possessor of the stolen checks, whether she or a juvenile took them from the mailboxes. Her home was the contact location where stolen checks were brought. She was the key figure in cashing the checks and determining how the proceeds would be divided. See United States v. Cochran, 955 F.2d 1116, 1124-25 (7th Cir.1992). The record amply supports a two-level enhancement for Ms. McKnight's leadership role.
 
 
 10
 Ms. McKnight's additional contention that Terrance Neely was the motivating force in establishing the scheme is meritless. Guideline § 3B1.1(c) does not require the defendant to be the "creator" of the scheme, but rather the leader of it. United States v. Brown, 900 F.2d 1098, 1102 (7th Cir.1990). Moreover, she provides no support for her allegation that she and Neely played equal roles. Without such support, we refuse to hold that the district court's finding that Ms. McKnight managed the mail theft scheme was clearly erroneous. See United States v. Lewis, 954 F.2d 1386, 1396 (7th Cir.1992).
 
 
 11
 The government offered in evidence a sworn statement by Terrance Neely, the juvenile who participated in the scheme to steal and to cash the Brown and Marciniak checks. Ms. McKnight contends that the court erred in considering his statement, for it identifies Ms. McKnight as the one who stole the two checks described in Counts I and II, and Mr. Neely as the one who merely forged them. Because there is no evidence that Mr. Neely participated in the actual theft for which Ms. McKnight pleaded guilty, she argues, his statement is insufficient to support the court's conclusion that he participated in the unlawful possession of the social security checks.
 
 
 12
 Ms. McKnight's position is surprising, since her written statement in the plea agreement provides the evidence that Mr. Neely stole the two checks at issue and brought them to her. Of course, Mr. Neely's statement named Ms. McKnight as the thief (although he admits that he was present when she stole them from the mail boxes). Since each one accused the other of the thefts, the district court properly weighed the conflicting evidence and found that the government's version (based on Neely's affidavit) was more plausible than Ms. McKnight's.
 
 
 13
 By pointing out that Ms. McKnight was the adult member of the scheme, the court recognized § 3.B1.1's concern about the relative responsibility of the participants. United States v. Brown, 944 F.2d 1377, 1380 (7th Cir.1991). After considering such factors as the degree of participation in planning and carrying out the offense, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others, see U.S.S.G. § 3B1.1, Application Note 3, we conclude that there was no error in that credibility determination.
 
 C.
 
 14
 The appellant also asserts that the court erred in considering two other sworn statements submitted by those who cashed checks for Ms. McKnight. The court did mention that the affidavits were submitted by the government, and that it weighed all the evidence in determining that the government's position was more credible. However, it made no reference to the contents of those affidavits and did not rely on them in any way. We conclude that the court did not err in merely mentioning the written statements among the government's submissions.
 
 III.
 
 15
 We conclude that there was no clear error in the district court's finding that the government's version of the facts was the more credible. Its weighing of the evidence, in light of the government's burden of proof, was appropriate. The overall evidence in the record establishes the defendant's leadership role in the scheme, and we are convinced that the district court properly applied the two-level enhancement for the defendant's role in the offense. The decision of the sentencing court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Section 3B1.1(c) increases the offense level by two if the defendant was an organizer, leader, manager, or supervisor in a criminal activity involving fewer than five participants