139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mark P. BIGGER, Defendant-Appellant.
 No. 97-2005.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1997.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. IP 96-CR-0158-01-B/F.
 Before Hon. WALTER J. CUMMINGS, Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Mark bigger pleaded guilty for conspiring to defraud financial institutions and was sentenced to 26 months imprisonment. On appeal, he argues that the district court erred in adding four points to his base offense level under U.S.S.G. § 3B1.1(a) to account for his role as an "organizer or leader" of the Indianapolis "cell" of a nationwide conspiracy. He argues that the district court incorrectly construed the Guidelines when it considered hus role only within the narrow context of the indictment, rather than within the larger scope of the nationwide conspiracy.
 
 
 2
 In August of 1996, Bigger was recruited by a man known only as Tony to cash fraudulently produced business checks and to recruit other people to cash such checks. These checks were part of a fraud scheme operating nationwide by a ring of individuals headquartered in southern California. In an affidavit, United States Secret Service agent, Gary Haire, described the operation as follows:
 
 
 3
 Business checks of legitimate businesses are obtained by members of the [California] ring. These checks are then reproduced using computer technology. The photocopied checks are then scanned and altered to represent corporate payroll checks. The [California] ring then uses organized "cells" which use low level "mules" or "face men" to cash the checks. The organizer of the cell coordinates the receipt of the counterfeit checks, the requirement of the "mules" and the transfer or distribution of the proceeds. The organizer of the cell has a direct link to the source of the checks in Orange County, California.
 
 
 4
 Bigger agreed to participate in the scheme and recruited several others into the Indianapolis "cell" of the conspiracy. Bigger would obtain checks through Tony, distribute the checks to the other members of the "cell," and then accompany the other members of the conspiracy to the banks where they would cash the checks. The checks were generally in the amounts of $500 to $1000; the person who cashed the check would receive $100 for each check cashed, however, Bigger would receive $100 for each check cashed by him and an additional percentage for each check cashed by one of the people he recruited. Bigger would then remit the remainder of the money to California.
 
 
 5
 In November of 1996, Bigger was arrested. On January 10, 1997, Bigger entered a plea of guilty to a one-count indictment which charged him and nine other people with conspiracy to defraud Indiana financial institutions by negotiating counterfeit business checks.
 
 
 6
 The total loss to banking institutions suffered nationwide by this "California ring" is approximately $30,000,000. However, only $160,376 worth of fraudulently produced and cashed checks was attributable to Bigger under U.S.S.G. § 1B1.3 (Relevant Conduct) because the $30,000,000 was unforeseeable to Bigger. Bigger's base-level offense was, therefore, determined based on the $160,376 and not the $30,000,000.
 
 
 7
 The district court held that a four-level role enhancement was proper because Bigger was the organizer of the Indianapolis cell of the conspiracy. The court considered the nature of the offense charged, the scope of Bigger's relevant conduct, and Bigger's relative responsibility within those parameters.
 
 
 8
 Bigger does not challenge his conviction. Instead, he attacks the enhancement of his sentence under United States Sentencing Guideline § 3B1.1(a). A defendant will receive a four level enhancement for an "aggravating role" in the offense if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive...." U.S.S.G. § 3B1.1(a). A participant is defined as a person who is "criminally responsible for the commission of the offense." United States v. Randy, 81 F.3d 65, 67 (7th Cir.1996). Since the other members of the conspiracy cashed counterfeit checks, there is no doubt that the other individuals charged in the indictment qualify as participants.
 
 
 9
 There is also no doubt as to Bigger's status as an "organizer or leader" of the Indianapolis "cell" of the conspiracy. The commentary to § 3B1.1 states that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. § 3B1.1, commentary n. 4. See also United States v. Hogan, 54 F.3d 336, 340 (7th Cir.1995). In determining whether Bigger was an organizer or leader, the district court considers Bigger's exercise of decision making authority, the nature of his participation in committing the crime, his recruitment of accomplices, his claimed right to a larger share of the criminal proceeds, his exercise of control and authority over others, and the nature and scope of the illegal activity See United States v. Emerson, 128 F.3d 557, 562 (7th Cir.1997); U.S.S.G. § 3B1.1, comment. (n. 4). Not all of these factors need be present, however, for a court to enhance a sentence under § 3B1.1. See id. Bigger recruited other members of the conspiracy; he accompanied them to the banks in which they cashed the counterfeit checks; based on the fact that he received money not only for the checks he cashed, but for those cashed by the people he recruited, he received more money than any of the other members of the Indianapolis cell; he was responsible for distributing the checks to the other participants; and he collected the proceeds and returned them to California. Bigger's role in the conspiracy is unquestionably that of an organizer or leader.
 
 
 10
 Bigger was sentenced according to the $160,376 loss which was foreseeable and therefore relevant. Bigger's argument that he should have received only a three-level enhancement because, if the district court had properly interpreted the guidelines, it would have considered Bigger's role in the nationwide conspiracy and determined that he was not an "organizer or leader" but merely a "manager or supervisor" under § 3B1.1(b) is without merit. See United States v. Damico, 99 F.3d 1431, 1437-38 (7th Cir.) (adjustments under § 3B1.1 should be applied "by looking to the count of conspiracy [ ] and all relevant conduct within the scope of section 1B1.3."), cert. denied, 519 U.S. 1151, 117 S.Ct. 1086, 137 L.Ed.2d 220 (1997). See also United States v. Billingsley, 115 F.3d 458, 465 (7th Cir.1997); United States v. Tetzlaff, 896 F.2d 1071, 1074 (7th Cir.1990); U.S.S.G., Ch. 3, Pt.B, intro. comment.
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.