**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George RODGERS, Defendant–
Appellant.**

**No. 90–7140.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 28, 1992.

T. Jefferson Deen, III, Clark, Deen & Copeland, P.C., Mobile, Ala., for defendant-appellant.

Charles A. Kandt, Richard H. Loftin, George A. Martin, Asst. U.S. Attys., Mobile, Ala., for plaintiff-appellee.

Appeal from the United States District Court for the Southern District of Alabama.

Before KRAVITCH and EDMONDSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Appellant, George Rodgers, and five others were charged in a multi-count indictment. At trial, the jury was unable to reach a unanimous verdict as to appellant, and a mistrial was declared. A superseding indictment was then returned, which charged appellant in five counts. Count Four alleged conspiracy to distribute and possess with intent to distribute 11.11 grams of cocaine, in violation of Title 21 U.S.C. Section 841(a)(1). Counts Five, Six and Seven were 841(a)(1) charges, which alleged, respectively, possession of the following with intent to distribute: 11.11 grams of cocaine; 0.98 grams of a substance containing cocaine base and 0.3 grams of cocaine powder; and 30 grams of marijuana. Count Eight charged possession of a firearm during and in relation to a drug trafficking crime, in violation of Title 18 U.S.C. § 924(c)(1). Rodgers pled guilty to Count Seven (possession with intent to distribute marijuana) of the indictment, and Counts Four, Five, and Six were dismissed.

At the sentencing hearing, Rodgers' base offense level was determined to be eighteen, based on combining the entire amount of illicit drugs charged in the indictment. There was a two level enhancement for the specific offense characteristic of possession of a dangerous weapon during the commission of the offense. The district court—pursuant to Sentencing Guidelines § 3B1.1(b), applicable to a manager or supervisor in a criminal activity—added three levels for Rodgers' supposedly being a "manager". The court then applied this total offense level of 23 to a criminal history category of IV, which is applicable to a person with an extensive prior criminal record. This resulted in an imprisonment range of 70 to 87 months for appellant.

A. Three-Point Enhancement
for Role in Offense

Rodgers challenges his sentence enhancement pursuant to Sentencing Guidelines § 3B1.1 which provides for increases in offense level "[b]ased on the defendant's role in the offense." Subpart (b) of § 3B1.1 mandates a three point increase "[i]f the defendant was a manager or supervisor." Rodgers argues that the plain language of Guidelines § 3B1.1(b) requires the sentencing court to limit its factual inquiry to the defendant's role in the offense of conviction instead of other criminal conduct in which he may have engaged. Rodgers insists that he worked alone in committing the crime charged in Count Seven, and therefore he argues that he could not have been a "manager" for purposes of enhancement under section 3B1.1(b).

In *United States v. Pettit*, 903 F.2d 1336, 1341 (10th Cir.1990), the district court was reversed for improperly considering, under section 3B1.1, the defendant's role in other criminal conduct for which he was not convicted; the Tenth Circuit wrote that a sentencing court must focus on a defendant's role in the offense of conviction rather than on other criminal conduct. *See also United States v. Zweber*, 913 F.2d 705, 708–10 (9th Cir.1990); *United States v. Barbontin*, 907 F.2d 1494, 1498 (5th Cir.1990) (a § 3B1.1(a) adjustment is anchored to the transaction leading to the conviction). In a similar way, in *United States v. Tetzlaff*, 896 F.2d 1071, 1074 (7th Cir.1990), the Seventh Circuit held that section 3B1.1 applies only to the offense for which the defendant was convicted, and not to "other aggravating conduct." The court in *Tetzlaff* noted that it was error to enhance a defendant's offense level under section 3B1.1 where he acted alone in the offense for which he was convicted, even though he acted with oth-

ers for the other charges against him. *Id.* at 1075. The Seventh Circuit reasoned that "[i]n considering a defendant's participation in the offense, Guidelines § 3B1.1 requires that the offense involve more than one participant." *Id.* The court determined that an adjustment under section 3B1.1 can only be made when a defendant has a role in the offense for which "relative responsibility" can be allocated; a "sentencing court obviously cannot determine relative responsibility if the offense is committed by one person." *Id.; see also United States v. Williams*, 891 F.2d 921, 925–26 (D.C.Cir.1989) (increase under § 3B1.1 is improper where defendant was convicted of possession of a sawed-off shotgun, but found to be a "manager" of a "crack house" based on an offense for which he was not convicted); *United States v. Lanese*, 890 F.2d 1284, 1293–94 (2d Cir.1989) (same) *cert. denied,* — U.S. —, 110 S.Ct. 2207, 109 L.Ed.2d 533 (1990).

We see no good reason to differ from the conclusion reached in other circuits on this question. Because Rodgers was convicted of possession of marijuana with intent to distribute, which, by its nature, involves no more than one participant, the district court had no reason to evaluate relative responsibility. Therefore, the district court improperly assessed the three-level increase.

**B. Determination of Base Offense Level**

■ At the sentencing hearing, Rodgers also contested the aggregation of all controlled substances mentioned in the indictment to establish his base offense level. Rodgers conceded that the drugs charged in Count Six, the offense having occurred on the same date as the charge to which he pled guilty, could be considered in ascertaining the base offense level. Rodgers contends, however, that the drugs charged

in Counts Four and Five, which were based on conduct occurring in November and December of 1988 (Counts Six and Seven were based on a January 14, 1989 transaction), should not be included in computing the base offense level. The conduct alleged in Counts Four and Five concerned the conspiracy between Claudia Ray Henry ("Henry") and Rodgers to distribute 11.11 grams of cocaine and the actual distribution of that 11.11 grams of cocaine. The district court rejected Rodgers' contention and determined the base level by aggregating all drugs charged against Rodgers in the superseding indictment.

Sentencing Guidelines § 1B1.3(a)(2) provides that a base offense level is to be determined by inclusion of all acts or omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." * In *United States v. Santiago*, 906 F.2d 867 (2d Cir.1990), the Second Circuit undertook a lengthy review of the "course of conduct" language of Guidelines § 1B1.3. The *Santiago* court noted that, although the Guidelines failed to define "same course of conduct," a normal reading "suggests that the sentencing court is to consider such factors as the nature of defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern." *Id.* at 872. The *Santiago* court also noted that whether two or more transactions may be considered part of the same course of conduct is "not determined by temporal proximity alone." *Id. See also United States v. Lawrence*, 915 F.2d 402, 408 (8th Cir.1990) (marijuana and cocaine involvement constituted the same course of conduct under guideline § 1B1.3 where defendant was convicted only of conspiracy to distribute marijuana but distribution of cocaine occurred at approximately the same time).

---

* The pertinent part of § 1B1.3(a)(2) provides:
[T]he base offense level where the guideline specifies more than one base offense level ... shall be determined on the basis of the following ... solely with respect to offenses of a character which § 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course

of conduct or common scheme or plan as the offense of conviction.
Sentencing Guidelines § 1B1.3(a)(2). Section 3D1.2(d) which provides for the grouping of closely related counts, specifically lists offenses under § 2D1.1, which includes possession with intent to distribute illegal drugs.

We review the question of whether the criminal activity between Henry and Rodgers and Rodgers' later possession of drugs were part of the same course of conduct under the clearly erroneous standard. *See United States v. Rutter*, 897 F.2d 1558, 1562 (10th Cir.1990). The record indicates that on November 11, 1988, Henry and Rodgers acted together to sell 11.11 grams of cocaine to an undercover agent. On December 7, 1988, when the same undercover agent called Henry's residence, Rodgers answered the phone and told the agent that Henry had gone to pick up a package of cocaine; Rodgers then took a message from the agent which Rodgers later relayed to Henry. On January 14, 1989, Henry was found by the police to be asleep at Rodgers' residence when Rodgers was arrested. On the same date, and in the same place, Rodgers was found in possession of drugs packaged for sale. In the light of the "facts produced," the district court added together all of the drugs listed in the indictment against Rodgers, thereby finding that Rodgers' sequence of drug-related acts were part of the same course of conduct.

We cannot say the district court was clearly incorrect in its determination about Rodgers' course of conduct, particularly given that the acts occurred closely related in time and seemed to involve some of the same parties, and given that nothing in the record indicated a considerable break between Rodgers' drug activities. Therefore, the district court could add the total amount of drugs alleged in the superseding indictment in determining appellant's base offense level.

For these reasons, we VACATE the sentence and REMAND for resentencing without the Guidelines § 3B1.1(b) adjustment.