**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George RODGERS, Defendant–
Appellant.**

**Nos. 90–7140, 91–7831
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 15, 1993.

T. Jefferson Deen, III, Clark, Deen & Copeland, P.C., Mobile, AL, for George Rodgers.

Charles A. Kandt, Richard H. Loftin, Asst. U.S. Attys., George A. Martin, Mobile, AL, for the U.S. in No. 90–7140.

J.B. Sessions, III, U.S. Atty., Richard H. Loftin, Asst. U.S. Atty., Mobile, AL, for the U.S. in No. 91–7831.

Before KRAVITCH, HATCHETT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant George Rodgers was convicted of possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1988), and sentenced to five years imprisonment. We affirm this conviction and sentence. Because appellant's previously imposed sentence for the underlying drug trafficking crime, however, was enhanced due to the same conduct that forms the basis of this conviction, we direct the district court to reduce appellant's sentence on the drug charge so as to avoid improper double counting.

## I.

Appellant was charged in a multicount indictment with several controlled substance offenses and with carrying and using a firearm during the commission of those offenses. In 1989, appellant entered into a plea agreement pursuant to which he pled guilty to one of the drug charges and the district court dismissed the others on the government's motion.[1] The agreement did not affect the firearms charge.

After the plea agreement, the drug trafficking and firearms charges proceeded along separate tracks until September 1, 1992, when this court granted appellant's motion to consolidate his appeals. First, the district court granted appellant's motion to suppress the weapons which were the bases of the firearms charge. The government appealed that ruling to this court. While the government's appeal was pending, the district court sentenced appellant to sixty months imprisonment on the drug charge. Appellant appealed the court's imposition of this sentence. (Case number 90–7140 in this court.) While appellant's appeal was pending, this court reversed the suppression order and sent the firearms charge back to the district court for trial. *United States v. Rodgers*, 924 F.2d 219 (11th Cir.) (*Rodgers I*), cert. denied, —— U.S. ——, 111 S.Ct. 2834, 115 L.Ed.2d 1003 (1991). Appellant then was convicted of the charge he now appeals. (Case number 91–7831 in this court.) In January 1992, this court vacated appellant's drug trafficking sentence, holding

---

1. Appellant pled guilty to one count of possession of marijuana with intent to distribute. The government agreed to dismiss one count of conspiracy to distribute cocaine and two counts of possession of cocaine.

that the case be remanded to the district court for resentencing. *United States v. Rodgers,* 951 F.2d 1220, 1223 (11th Cir. 1992) (*Rodgers II*).[2] For the sake of judicial economy and to minimize confusion, however, we withheld our mandate in the drug sentencing case pending our disposition of the instant firearms case.

## II.

Appellant challenges three sets of statements which the prosecutor made at trial on the firearms charge. First, during his opening statement, the prosecutor explained to the jury:

It's the United States Attorney's responsibility to present this case to a grand jury. If the grand jury finds probable cause that a crime has been committed then an indictment is returned.

Later, during his closing argument, the prosecutor stated:

It's been a short case. As federal trials go [sic] I don't want that in any way to diminish the importance of this trial both to the government and to the defendant. It is a very important case to the United States of America.

Finally, also during his closing argument, the prosecutor told the jury:

We don't have to prove that he actually ... brandished that gun or fired it at anybody.... We don't have to wait until somebody is dead before we can say that he used it in connection with drug trafficking of a crime. Sergeant Ausby and his expert police work prevented that.

Appellant claims that these statements deprived him of due process of law.

■ For a prosecutor's remarks to offend due process, the remarks must be improper and a reasonable probability must exist that, but for the offending remarks, the defendant would not have been convicted. *See Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *United States v. Eyster,* 948 F.2d 1196, 1206 (11th Cir.1991); *United States v. Walther,* 867 F.2d 1334, 1341 (11th Cir.), *cert. denied,* 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 103 *and cert. denied,* 493 U.S. 978, 110 S.Ct. 506, 107 L.Ed.2d 508 (1989). Because appellant did not object to the prosecutor's statements at trial, we review the case only for plain error. *E.g., United States v. Hernandez,* 921 F.2d 1569, 1573 (11th Cir.), *cert. denied sub nom. Tape v. United States,* — U.S. ——, 111 S.Ct. 2271, 114 L.Ed.2d 722 (1991); *United States v. Sorondo,* 845 F.2d 945, 949 (11th Cir.1988). Plain error is "error which, when examined in the context of the entire case, is so obvious that failure to notice it would seriously affect the fairness, integrity and public reputation of judicial proceedings." *Sorondo,* 845 F.2d at 949 (quoting *United States v. Russell,* 703 F.2d 1243, 1248 (11th Cir.1983)).

■ We cannot say that the prosecutor committed plain error in this case. The prosecutor's comment about the grand jury was merely prefatory to the reading of the indictment and was a correct statement of how a federal indictment comes to be. The challenged remarks at closing argument, although probably improper if viewed in isolation, *see, e.g., United States v. Cole,* 755 F.2d 748, 768–69 (11th Cir.1985) (holding it improper to say, "It is a very important case for the government"), were replies in kind to comments appellant's counsel had made during appellant's opening and closing statements.[3] *See United*

---

**2.** The court held that appellant improperly had been assessed a three-point enhancement under the federal Sentencing Guidelines for his role in the offense. *Rodgers II,* 951 F.2d at 1222.

**3.** The prosecutor's statement that the case was important to the United States was made after appellant's counsel had said, "This is an important case for George and it won't be a long one." The prosecutor responded in kind that, notwithstanding the brevity of the trial, it was important "both to the government and to the defendant. It is a very important case to the United States of America." Similarly, the prosecutor told the jury that the government does not have to wait until appellant "brandished" the gun to prove that he used it in connection with a drug trafficking crime only after appellant's counsel implied to the jury that the opposite was true. During his closing argument, defense counsel asked the jury, "Did you hear that he used the gun to point it at the police officer or that he used these guns to protect the drugs? Did

*States v. Tasto,* 586 F.2d 1068, 1069–70 (5th Cir.1978) (per curiam) (prosecutor's remarks, otherwise improper, may be permissible when they constitute a reply in kind to statements of defense counsel), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1263, 59 L.Ed.2d 484 (1979).[4] The prosecutor's only statement that might have been improper was his reference to the "expert police work [that] prevented" a killing. *See United States v. Garza,* 608 F.2d 659, 664 (5th Cir.1979). Even if that comment was error, however, it alone is not enough for appellant to prevail in this case. On numerous occasions, the district court instructed the jury that the lawyers' arguments are not evidence. *See United States v. Herring,* 955 F.2d 703, 710 (11th Cir. 1992) ("[P]rosecutorial misconduct may be rendered harmless by curative instructions to the jury."). Furthermore, appellant was arrested with drugs and ammunition in his pocket, and with two guns [nearby]. *See United States v. Lacayo,* 758 F.2d 1559, 1566 (11th Cir.), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 568, 88 L.Ed.2d 553 (1985). We find no reasonable probability that appellant would have been acquitted but for the prosecutor's improper statement, much less that the statement so seriously infected the case as to amount to plain error. Accordingly, we affirm appellant's conviction.

### III.

■ Our affirmance of appellant's firearms conviction (No. 91–7831) necessitates an adjustment of appellant's sentence for his underlying drug trafficking offense (No. 90–7140).[5] To avoid double counting under the federal Sentencing Guidelines, when a sentence is imposed for violation of 18 U.S.C. § 924(c) in conjunction with a sentence for an underlying offense, "any specific offense characteristic for firearm discharge, use, or possession is not applied in respect to such underlying offense." U.S.S.G. § 2K2.4 comment. (backg'd) (1991).[6] Thus, under the Guidelines a sentencing court may not enhance a drug trafficking sentence on account of the defendant's possession of a dangerous weapon if the defendant also is convicted under § 924(c) of possessing the same weapon. *United States v. Harris,* 959 F.2d 246, 266 (D.C.Cir.1992) (per curiam), *cert. denied sub nom. Smith v. United States,* — U.S. —, 113 S.Ct. 362, 121 L.Ed.2d 275 (1992) and *cert. denied sub nom. Palmer v. United States,* — U.S. —, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992); *see United States v. Kimmons,* 965 F.2d 1001, 1011 (11th Cir. 1992) (holding enhancement not erroneous because involved neither same firearm nor same possession for which penalty was imposed under § 924(c)); *United States v. Morehead,* 959 F.2d 1489, 1510 (holding two-level enhancement for use of firearm improper when conviction is more properly characterized as firearms conspiracy), *aff'd on reh'g en banc sub nom. United States v. Hill,* 971 F.2d 1461 (10th Cir.1992).

When appellant pled guilty on the drug trafficking charge, his sentence was enhanced two levels for the specific offense characteristic of possession of a dangerous weapon during the commission of the offense. *See* U.S.S.G. § 2D1.1(b)(1) (1991). We now have affirmed appellant's convic-

George Rodgers do that? No." The prosecutor was entitled to respond that the government does not have to prove that appellant directly threatened anyone with the gun in order to violate 18 U.S.C. § 924(c)(1). *See United States v. Poole,* 878 F.2d 1389, 1393 (11th Cir.1989) (per curiam) ("To show use [for purposes of § 924(c)(1)], the government did not need to prove that the firearms were fired, brandished, or even displayed during the drug trafficking offense.").

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former United States Court of Appeals for the Fifth Circuit decided before October 1, 1981.

**5.** In his Motion to Consolidate Appeals, appellant specifically argued that, if his firearms charge were upheld, this court should instruct the district court not to apply the two-point firearms enhancement to the drug charge. Thus, this issue is properly before us.

**6.** Section 924(c) imposes a mandatory sentence of 60 months imprisonment to run consecutively with any other term of imprisonment, including that imposed for the underlying drug trafficking crime. 18 U.S.C. § 924(c)(1).

tion under § 924(c). Thus, when the district court resentences appellant pursuant to our decision in *Rodgers II, supra,* it should omit the two-level enhancement it imposed earlier for appellant's possession of a dangerous weapon.

The judgment in case number 91–7831 is AFFIRMED. In case number 90–7140, the district court is DIRECTED to resentence appellant in a manner consistent with both *Rodgers II* and this opinion.