**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry Louis HENDERSON,**
**Defendant–Appellant.**

**No. 92–8538.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1996.

---

James P. Fleissner, Mercer Law School, Macon, GA, for appellant.

John Lynch, Asst. U.S. Atty., Macon, GA, for appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and HILL, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this Sentencing Guidelines appeal, we hold that a defendant convicted of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) and with use of a firearm during the commission of a drug offense under 18 U.S.C. § 924(c) may not be subject-

ed to an enhancement of the sentence for the drug offense because the defendant possessed more than one firearm. We vacate the sentences and remand for resentencing.

## BACKGROUND

On January 24, 1989, Macon–Bibb County, Georgia law enforcement officers with a valid search warrant, convened outside the motel room of Terry Henderson. After knocking on the door, the officers used a passkey to open it, and found Henderson sitting on a bed. As the officers entered the room, Henderson stood up and placed a loaded .25 caliber handgun on the floor. The officers arrested Henderson and in a search of the room, discovered approximately 346 grams of cocaine powder, cutting agents for cocaine, a crack cocaine smoking pipe, other drug paraphernalia, and over $18,000 in cash. The officers also found five additional handguns on a bed in the room—two .22 caliber revolvers, two .32 caliber revolvers, and one .38 caliber revolver. All of the handguns were operable except one of the .32 caliber handguns. The officers also found twenty-two rounds of assorted ammunition.

On March 9, 1989, a federal grand jury in the Middle District of Georgia returned a three-count indictment against Henderson. Count I alleged that on January 24, 1989, Henderson possessed with the intent to distribute 346 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count II alleged that on January 24, 1989, Henderson used or carried five firearms during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count III alleged that Henderson travelled in interstate commerce while possessing approximately 346 grams of cocaine, in violation of 18 U.S.C. §§ 1952 and 2.

On February 4, 1992, Henderson pleaded guilty to Counts I and II of the indictment in accordance with a written plea agreement. The district court sentenced Henderson to consecutive sentences of 97 months in prison on Count I and 60 months in prison on Count II. In sentencing Henderson, the district court held that the sentence range in United States Sentencing Guidelines (the guidelines) section 2D1.1 did not adequately take into account Henderson's use of multiple weapons. Therefore, the district court made an upward departure of two levels on Count I pursuant to U.S.S.G. § 5K2.0.

## ISSUE

The sole issue we address on appeal is whether the district court erred in making an upward departure based on its conclusion that the guidelines do not contemplate the use of multiple weapons under the sentencing scheme of section 2D1.1.

## CONTENTIONS

Henderson contends that the district court's upward departure from the applicable sentence range was improperly based on an aggravating factor that the Sentencing Commission adequately considered in formulating the guidelines. He further contends that insufficient evidence exists to support the district court's upward departure.

The government responds that the district court properly enhanced Henderson's sentence based on the aggravating factor of possessing multiple firearms during a trafficking offense. The government contends that a fair reading of U.S.S.G. § 2D1.1(b)(1) suggests that the Sentencing Commission did not take into consideration the possession of multiple firearms. Therefore, the government insists that the district court's upward departure was appropriate under U.S.S.G. § 5K2.0.

## DISCUSSION

■ We review a district court's departure from an applicable sentence range under the guidelines *de novo*. *United States v. Weaver*, 920 F.2d 1570, 1573 (11th Cir.1991). In determining the appropriateness of the departure, we employ a three-part inquiry. *United States v. Godfrey*, 22 F.3d 1048, 1053 (11th Cir.1994). First, we assess whether the district court's decision to depart was based on factors or circumstances that the Sentencing Commission did not adequately consider in drafting the guidelines. *Godfrey*, 22 F.3d at 1053; *see also United States v. Mogel*, 956 F.2d 1555, 1557 (11th Cir.), *cert.*

*denied,* 506 U.S. 857, 113 S.Ct. 167, 121 L.Ed.2d 115 (1992). Second, assuming that we find that the Sentencing Commission did not adequately consider the factors the district court relied on in making its departure, we must determine whether the district court's reliance on those factors for departure furthers the objectives of the guidelines. *Godfrey,* 22 F.3d at 1053. Finally, we review the departure—if consistent with guideline goals—for reasonableness. *Godfrey,* 22 F.3d 1048, 1053; *Mogel,* 956 F.2d at 1557.

■ A district court is precluded from departing from the guideline sentence ranges when the factors it relied upon for departure were taken into consideration by the Sentencing Commission. *Williams v. United States,* 503 U.S. 193, 198–202, 112 S.Ct. 1112, 1118–20, 117 L.Ed.2d 341, 352–54 (1992). Therefore, we need only consider the first prong of our three-part inquiry to conclude that the district court erroneously made an upward departure in this sentence.

■ Under 18 U.S.C. § 3553(b), a district court must impose sentences within the Sentencing Guideline's range except when it finds that "there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." *United States v. Valle,* 929 F.2d 629, 631 (11th Cir.), *cert. denied,* 502 U.S. 950, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991); *see also* U.S.S.G. § 5K2.0 (1992).* Consequently, when the guidelines take into account a factor relied upon by a sentencing court in making a departure, then a departure based on that factor is improper. *Williams v. United States,* 503 U.S. 193, 198–202, 112 S.Ct. 1112, 1118–20, 117 L.Ed.2d 341, 352–54 (1992). Under the guidelines, Henderson's conviction for possession with intent to distribute under 21 U.S.C. § 841(a)(1) carries a base offense level of 22. U.S.S.G. § 2D1.1 (1992). The district court, pursuant to U.S.S.G. § 3C1.1, added two levels to Henderson's base offense level for obstruction of justice, bringing

Henderson's total offense level to 24. The district court's classification of Henderson in Criminal History Category III, coupled with his base offense level of 24, subjected him to a prison term of 63 to 78 months. *See* U.S.S.G. Ch. 5, Pt. A (1992). Henderson's conviction on the separate count of use of firearms under 18 U.S.C. § 924(c) subjected him to a consecutive sentence of sixty months imprisonment. *See* U.S.S.G. § 2K2.4 (1992).

The district court concluded that Henderson's potential sentence under the guidelines was insufficient. In making an additional upward departure of two levels in Henderson's sentence pursuant to U.S.S.G. § 5K2.0, the district court found that the applicable guidelines did not account for the potential use of multiple firearms.

■ When a defendant is sentenced under U.S.S.G. § 2D1.1 for possession with intent to distribute under 21 U.S.C. § 841(a)(1), the defendant's base offense level may be increased by two if a firearm was possessed during the commission of the crime. *See* U.S.S.G. § 2D1.1(b)(1) (1992). If, however, a defendant is sentenced under section 2D1.1 for a violation of 21 U.S.C. § 841(a)(1) and charged separately with a count for use of a firearm in violation of 18 U.S.C. § 924(c), then a two-level enhancement for a firearm possession pursuant to section 2D1.1(b)(1) is not allowed. *See* U.S.S.G. 2K2.4, comment. (backg'd) (1992). In this case, the district court correctly noted that Henderson was not subject to a two-level increase pursuant to section 2D1.1(b)(1). Nonetheless, the district court found that the Sentencing Commission did not contemplate a defendant's use of multiple firearms under section 2D1.1, and made an upward departure of two levels based on section 5K2.0. We must consider whether the applicable guidelines adequately consider the use of multiple weapons in its sentencing scheme.

■ We believe that the relevant guidelines in this case adequately account for the use of multiple weapons. The guidelines prohibit an increase of the base offense level for

---

* The provision provides in relevant part that "[u]nder 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside of the range established by the applicable guidelines, if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." U.S.S.G. § 5K2.0 (1992).

**618**

possession of a firearm under section 2D1.1(b)(1) when a separate charge for firearm use is levied under 18 U.S.C. § 924(c). *See* U.S.S.G. § 2K2.4, comment. (backg'd) (1992). This court held in *United States v. Rodgers,* 981 F.2d 497, 500 (11th Cir.1993) that a court may not enhance a drug trafficking sentence because the defendant possessed a dangerous weapon if the defendant is also convicted under 18 U.S.C. § 924(c) for using the same weapon.

■ The sentence for firearm use under 18 U.S.C. § 924(c) is not dependent on the number of firearms used. *United States v. Hamilton,* 953 F.2d 1344, 1346 (11th Cir.) (holding that a conviction of a single drug trafficking offense where more than one firearm was involved only leads to a single violation of § 924(c) and multiple sentences may not be imposed to account for each firearm), *cert. denied,* 506 U.S. 1020, 113 S.Ct. 662, 121 L.Ed.2d 581 (1992). Based on the Sentencing Commission's adoption of the sentencing provisions of 18 U.S.C. § 924(c) in section 2K2.4, we believe the Sentencing Commission adequately considered that a defendant sentenced under that provision may have used multiple weapons. Moreover, Henderson's guilty plea to the use of five firearms under 18 U.S.C. § 924(c) precluded the district court from enhancing his sentence for possession of those same firearms under section 2D1.1(b)(1). *See* U.S.S.G. § 2k2.4 comment. (backg'd) (1992); *Rodgers,* 981 F.2d at 500.

Because we conclude that the district court erred in finding that the Sentencing Commission did not adequately consider the potential use of multiple firearms in the applicable guidelines, we find it unnecessary to address the remaining elements of our three-part inquiry or other contentions of the parties. *Godfrey,* 22 F.3d at 1053.

### CONCLUSION

For the reasons stated above, we vacate Henderson's sentence and remand for resentencing in a manner consistent with this opinion.

**VACATED AND REMANDED.**