**UNITED STATES of America,**

v.

**Rickie TEMMIS.**

**No. CR. 98–141–S.**

United States District Court,
M.D. Alabama,
Southern Division.

March 18, 1999.

Redding Pitt, U.S. Attorney, Montgomery, AL, for plaintiff.

Christine Freeman, Federal Defenders Office, Montgomery, Alabama, for defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant's Motion For Downward Departures And Citations Of Supporting Authority, filed March 17, 1999. In his Motion, Defendant disputes: (1) his classification as a "career offender" pursuant to the United States Sentencing Guidelines ("Guidelines") § 4B1.1; and (2) the enhancement of his base offense level through the consideration of Defendant's references to two kilograms of cocaine pur-

suant to U.S.S.G. § 1B1.3(a)(2). After a thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant's Motion For Downward Departures is due to be denied. First, the court finds that Defendant may not be classified as a "career offender" because Defendant's prior youthful offender adjudication does not constitute a prior felony conviction. Further, the court finds that the consideration of Defendant's reference to two kilograms of cocaine is proper in determining the base offense level.

## I. Career Offender

The first issue before the court is whether Defendant should be sentenced as a career offender under U.S.S.G. § 4B1.1. In order for a criminal to receive career offender status for purposes of sentencing, he must satisfy the tripartite requirements of U.S.S.G. § 4B1.1, which states, in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least *two prior felony convictions* of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (1998) (emphasis added). It is undisputed that Defendant satisfies the first two requirements. Therefore, the court now analyzes whether Defendant has at least two prior felony convictions.

It is undisputed that Defendant's June 11, 1992 conviction in the Circuit Court of Houston County, Alabama, for trafficking in cocaine, is a prior felony conviction as contemplated by the career offender guideline. However, Defendant argues that his June 25, 1990 youthful offender adjudication in the Circuit Court of Houston County, Alabama, for unlawful distribution of a controlled substance, is not a prior felony conviction.

In determining whether Defendant's youthful offender adjudication should be classified as a prior felony conviction for purposes of designating him a "career offender," the court must turn to the applicable sections of the guidelines and the accompanying commentary. The Guidelines state that the term " 'prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, comment. n. 1. The Guidelines further state that an "adult conviction" is "[a] conviction for an offense committed at age eighteen or older." *Id.*

The Guidelines, however, do not specifically address the topic of "youthful offender adjudications." Therefore, the court must look to Alabama state statutes to determine the "pragmatic effect" of such a youthful offender adjudication. *United States v. Pinion,* 4 F.3d 941, 944 n. 6 (11th Cir.1993); *see also United States v. Bankston,* 121 F.3d 1411, 1414 (11th Cir.1997) (confirming the propriety of examining state statutes to determine whether a state court conviction constitutes a prior felony conviction as defined by the Guidelines, where the Guidelines do not expressly address that particular type of conviction). Such an examination of Alabama state law provides the court with the necessary guidance upon which to determine whether Defendant's youthful offender adjudication constitutes a prior felony conviction within the meaning of the career offender guideline.

Pursuant to Ala.Code § 15–19–7, which sets forth the laws governing youthful offenders, a "determination made under the provisions of this chapter ... *shall not be deemed a conviction of crime;* provided, however, that if he is subsequently convicted of crime, the prior *adjudication as youthful offender* shall be considered." Ala.Code § 15–19–7 (emphasis added).

The Eleventh Circuit has provided guidance as to the purposes for which such a youthful offender adjudication may be considered, stating:

> The most central consequence of youth offender status ... is that the adjudication made pursuant to such status may be considered in determining a sentence to be imposed within the statutory range for a later crime of which defendant is convicted, but it *may not be considered a prior felony conviction as contemplated by the Habitual [Felony] Offender Act,* [set forth at Ala.Code § 13A–5–9 et seq.].

*Gordon v. Nagle,* 2 F.3d 385, 387 (11th Cir.1993) (emphasis added); *see also Craig v. State,* 645 So.2d 349, 350 (Ala.Crim.App. 1994) (stating that youthful offender adjudication cannot be used to enhance a sentence under the Habitual Felony Offender Act); *Thomas v. State,* 445 So.2d 992, 994 n. 1 (Ala.Crim.App.1984) (same).

■ As a threshold matter, the court notes that the finding of guilt in the Circuit Court of Houston County regarding Defendant's 1990 crime of unlawful controlled substance distribution was termed a youthful offender *adjudication,* not a conviction. Further, while it is undisputed that Defendant was eighteen years old, and therefore an adult, and that Defendant's crime was punishable by a term of imprisonment in excess of one year, the court finds that Defendant was not "convicted" of a crime. Rather, Defendant was "adjudicated" a youthful offender.

Further, the court notes that Alabama state law prohibits the use of a youthful offender adjudication as a prior felony conviction under the Habitual Felony Offender Act. Because further guidance from state statutes and case law is appropriate where, as here, the Guidelines do not address the specific issue of a youthful offender adjudication, the court finds that Defendant's youthful offender adjudication may not be considered as a prior felony conviction under the federal career offender guideline.

Based on the foregoing, the court finds that Defendant's youthful offender adjudication is not a prior felony conviction as defined in the Guidelines and, therefore, that Defendant is not a career offender. However, the court notes that Defendant's youthful offender adjudication may be considered in determining the sentence to be imposed within the Guideline sentencing range.

## II. Base Offense Level

The second issue before the court is whether a statement made by Defendant to the Government's cooperating informant may be considered as relevant conduct for sentencing purposes. On June 24, 1998, Defendant mentioned to said informant that Defendant had just obtained two kilograms of cocaine from another source. Defendant argues that his mention of the two kilograms of cocaine should not be considered because "there is no reliable evidence that he was capable of obtaining such quantities, or had actually planned to or succeeded in obtaining such quantities." (Mot. at 7.)

The Guidelines set forth the factors pursuant to which relevant conduct by a defendant may be considered in determining the base offense level. *See* U.S.S.G. § 1B1.3(a)(2). Specifically, the Guidelines provide that a base offense level is to be determined by inclusion of all acts or omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.; see also United States v. Rodgers,* 951 F.2d 1220, 1222 (11th Cir.), *amended* 972 F.2d 1253 (11th Cir.1992). Further, the Guidelines permit a sentencing court to consider relevant conduct where such conduct is "sufficiently connected or related to" the underlying offense of conviction. U.S.S.G. § 1B1.3, comment. n. 9(B). Specifically, the factors used to make such a determination include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*

**1308**

The court determines that it is reasonable to assume that Defendant was capable of obtaining the two kilograms of cocaine about which he spoke to the informant. Indeed, the fact that Defendant paid $19,273 for one kilogram of cocaine leads the court to believe he was capable of funding the purchase of additional quantities of cocaine. The court also relies upon Defendant's own admission as evidence that he had succeeded in obtaining two kilograms of cocaine from his Tallahassee, Florida, narcotics supplier.

Further, both instances involved the same drug, namely cocaine—two kilograms from Tallahassee and one kilogram from the Government informant. Moreover, Defendant's narcotics purchases were close in time. Defendant spoke to the Government informant on June 22, 1998 about purchasing cocaine from him and also told the informant about his plan to purchase cocaine in Tallahassee. Thereafter, on June 24, 1998, Defendant mentioned to the informant that Defendant had just purchased two kilograms of cocaine in Tallahassee. Finally, on June 30, 1998, Defendant purchased one kilogram of cocaine from the Government informant. While the source of the drugs was not the same, the court notes that the Guidelines do not require the presence of each factor in order to make a determination of relevant conduct. *See* U.S.S.G. § 1B1.3, comment. n. 9(B).

Accordingly, the court finds that Defendant's mention of having purchased two kilograms of cocaine in Tallahassee may be considered as relevant conduct for purposes of determining the base offense level at sentencing.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendant's Motion For Downward Departures be and the same is hereby DENIED. Further, the court finds that Defendant is not a "career offender" as defined in the Guidelines and that Defendant's reference to two kilograms of cocaine may be properly considered as relevant conduct for purposes of determining the base offense level.