Kenneth Edward Moffitt was convicted of unlawful possession of a controlled substance (cocaine), a violation of § 13A-12-212(a), Ala. Code 1975. On appeal to the Court of Criminal Appeals, Moffitt presented the following arguments: that the trial court had erred in denying his motion to suppress the cocaine, because, he argued, the cocaine was seized during an illegal warrantless search; that the trial court had erred in denying his motion for a judgment of acquittal, because, he said, the State had failed to establish that he constructively possessed the cocaine; that the trial court had erred in denying his motion for a mistrial after the prosecutor had made statements indicating to the jury that Moffitt was in jail while he was awaiting trial; and that the trial court had erred in denying his Batson v. Kentucky, 476 U.S. 79 (1986), motion. The Court of Criminal Appeals affirmed the judgment of the trial court in an unpublished memorandum. Moffitt v. State (No. CR-00-0574, May 18, 2001), 836 So.2d 1006 (Ala.Crim.App. 2001) (table). Moffitt petitioned this Court for certiorari review as to all claims except the Batson
claim. We granted Moffitt's petition. We reverse and remand.
Moffitt first argues that the trial court erred in denying his motion to suppress evidence (cocaine), which, he argues, was *Page 533 
seized pursuant to an illegal warrantless entry into a private residence. The facts surrounding the officer's warrantless entry into an apartment were stated in the Court of Criminal Appeals' unpublished memorandum:
 "Jerry Lynn Watkins, an officer with the Dothan Police Department, testified that, on June 10, 2000, at approximately 3:23 a.m., he responded to a dispatch that shots had been fired at the Johnson Homes apartment complex. As he arrived, he saw four people who appeared to be arguing standing outside behind the apartments. The people yelled for him to stop, and when he did, [Moffitt] started running. A male who was standing with the group said that [Moffitt] had a gun. Watkins explained that he followed [Moffitt] because he `figured . . . he would probably be pretty dangerous if he was out there shooting.' (R. 38.) [Moffitt] ran into the back door of an apartment, and Watkins followed shortly thereafter. He searched the kitchen, the living room, and the master bedroom, but [Moffitt] was not in any of those rooms. However, while he was looking for [Moffitt] in the master bedroom, he saw in plain view what appeared to be cocaine on top of and on both sides of a television. Finally, he went into the bedroom across the hall from the master bedroom, where he saw a small child who was sitting on a bed pointing under the bed. Watkins took the child off of the bed, lifted the bed, and found [Moffitt] on the floor under the bed."
Our conclusion regarding this first argument is dispositive of this case.
"[A] principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment [to the United States Constitution] on agents of the government who seek to enter the home for purposes of search or arrest." Welsh v. Wisconsin,466 U.S. 740, 748 (1984). It is well established that warrantless entries to residences are presumptively unreasonable.
 "It is well settled that warrantless entries to and searches of a residence are presumptively unreasonable and that the burden is on the government to demonstrate exigent circumstances justifying a warrantless entry and search. Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Landreth v. State, 600 So.2d 440
(Ala.Cr.App. 1992). To justify a warrantless entry and search, the state needs to show both the existence of probable cause and exigent circumstances. United States v. Rodgers, 924 F.2d 219 (11th Cir. 1991), cert. denied, 501 U.S. 1221, 111 S.Ct. 2834, 115 L.Ed.2d 1003 (1991), appeal after remand, 981 F.2d 497
(11th Cir. 1993); Etheridge v. State, 414 So.2d 157
(Ala.Cr.App. 1982)."
A.A.G. v. State, 668 So.2d 122, 126 (Ala.Crim.App. 1995). "The establishment of probable cause requires only that facts available to the officer at the moment of [entry] would warrant a person of reasonable caution to believe that the action taken by the officer was appropriate."Id. at 127.
The Court of Criminal Appeals held that probable cause existed to justify the officer's warrantless entry into the apartment to search for Moffitt. After reviewing the undisputed facts, we conclude that the State did not carry its burden to show the existence of probable cause. Therefore, the trial court erred in denying Moffitt's motion to suppress the *Page 534 
cocaine evidence discovered following the unlawful warrantless entry.
Officer Watkins was sent to the Johnson Homes apartment complex, where gunshots were reported to have been fired. There is no evidence to indicate that he was given any information concerning the identity of the reported shooter. When he arrived at the apartment complex, Watkins saw four people, who appeared to be arguing, standing behind the apartments. The people yelled for Watkins to stop. When Watkins stopped, Moffitt, who was standing in the group, began to run. As Moffitt ran from the group, a male in the group told Watkins that Moffitt had a gun. There is no evidence indicating that anyone told Watkins that Moffitt had fired a gun. Watkins then ran after Moffitt, following him into an apartment. When asked why he entered the apartment, Watkins stated "[he] figured . . . [Moffitt] would probably be pretty dangerous if he was out there shooting." (R. 38.) While searching the apartment for Moffitt, Watkins saw in plain view the cocaine that Moffitt sought to suppress.
When Watkins entered the apartment, the facts available to him were not sufficient to support a reasonable belief that Moffitt had committed any crime. The State argues that Watkins "could have reasonably believed . . . that Moffitt had committed the crime of attempted murder." (State's Brief, at 10.) However, this argument fails to acknowledge the fact that no one informed Watkins that Moffitt had fired a gun at another person or, for that matter, that he had fired a gun under any circumstance. While there was a basis for a reasonable suspicion that Moffitt was in possession of a gun, the mere possession of a gun is not a crime, and there is no evidence that Watkins was aware of any fact indicating that it was unlawful for Moffitt, in particular, to possess a gun. While the State argues that "[a]t the very least, the [officer was] aware that the alleged crime Moffitt had committed involved a gun" (State's Brief, at 10), it is undisputed that Moffitt had not been accused by anyone of committing any crime before Watkins made the warrantless entry into the apartment.
The trial court erred in denying Moffitt's motion to suppress the cocaine evidence. Therefore, the Court of Criminal Appeals erred in affirming its judgment. The judgment of the Court of Criminal Appeals is reversed, and this case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Houston, See, Lyons, Johnstone, and Harwood, JJ., concur.
Moore, C.J., and Brown and Stuart, JJ., dissent.