[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10327
Non-Argument Calendar

_____

D. C. Docket No. 08-00038-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAMAR RATLIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 24, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Lamar Ratliff appeals his convictions for conspiracy to distribute or to

possess with the intent to distribute five grams or more of cocaine base, and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and 846.  On appeal, Ratliff argues that the prosecutor improperly impeached him during cross-examination by asking him about his prior felony conviction for aggravated battery with a deadly weapon.  Ratliff further argues that the prosecutor's reference during closing argument to the fact that he had $200 in his possession at the time of his arrest although he was unemployed, coupled with the question about the aggravated battery conviction, was so prejudicial that it warrants a reversal.

## I.  Prior Conviction For Aggravated Battery With a Deadly Weapon

Ratliff argues that the district court erred in admitting his testimony on cross-examination regarding his prior conviction for aggravated battery with a deadly weapon.  Ratliff's counsel did not object to the question regarding the aggravated battery, and Ratliff confirmed the conviction.  While the prosecution's next question regarding a different prior conviction was pending, Ratliff's counsel made a general objection.  The court held a bench conference and ruled that the prosecution could only cross-examine Ratliff about certain prior offenses, not including the aggravated battery conviction.  The prosecution then cross-examined Ratliff regarding the permissible convictions.

2

We review preserved district court evidentiary rulings for abuse of discretion. United States v. Baker, 432 F.3d 1189, 1202 (11th Cir.2005). "To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice." United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995). By failing to object to the admission of evidence on a particular ground, a defendant "denies the trial court an opportunity to cure immediately any error created by the admission." United States v. Chilcote, 724 F.2d 1498, 1503 (11th Cir. 1984). If an error was not preserved, we do not apply the usual abuse of discretion standard of review but rather review for plain error. Id. Under the plain-error standard, we will not correct an error raised for the first time on appeal unless there is (1) error, (2) that is plain, (3) that affects substantial rights; and, if the first three conditions are met, (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation and citation omitted). "A substantial right is affected if the appealing party can show that there is a reasonable probability that there would have been a different result had there been no error." United States v. Bennett, 472 F.3d 825, 831-32 (11th Cir. 2006).

"Once a criminal defendant chooses to testify, he places his credibility in issue as does any witness." United States v. Vigliatura, 878 F.2d 1346, 1350 (11th

3

Cir. 1989). The admissibility of prior convictions to impeach a testifying witness is governed by Fed.R.Evid. 609(a)(1), which provides that, for the purposes of attacking a witness's character for truthfulness, evidence that the witness has been convicted of a felony "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed.R.Evid. 609(a)(1). However, if the prior conviction was for a crime of dishonesty or false statement, it is admissible for the purpose of attacking the testifying witness's credibility. Fed.R.Evid. 609(a)(2).

Whether or not the defendant takes the stand, however, evidence of other crimes or bad acts is admissible, under certain circumstances, to prove an element of the crime such as motive, intent, knowledge, or plan. Fed.R.Evid. 404(b). This court has explained that evidence of prior bad acts is admissible if (1) it is relevant to an issue other than the defendant's character, (2) sufficient proof would allow a jury to find that the defendant committed the extrinsic act, (3) its probative value is not substantially outweighed by its undue prejudice, and (4) it meets the other requirements of Fed.R.Evid. 403. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005). Under Rule 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

4

undue delay, waste of time, or needless presentation of cumulative evidence."

Fed.R.Evid. 403.

Here, the district court did not err in its evidentiary ruling because the court weighed the value versus the prejudice arising from Ratliff's prior criminal history and directed the government to limit its discussion of Ratliff's criminal history to certain convictions. Ratliff's counsel made only a general objection after Ratliff had answered the question regarding the aggravated battery conviction and never asked the court for a curative instruction. After the court decided which prior convictions could be introduced, the government made no further comment on Ratliff's prior aggravated battery conviction. Moreover, even had the trial court plainly erred in admitting the aggravated felony conviction, or failing to issue a curative instruction, we doubt such an error would give rise to a reasonable probability of changing the outcome of the proceedings, in light of the substantial evidence supporting Ratliff's conviction. We therefore affirm the district court on this issue.

## II. Closing Argument

During closing argument, the prosecutor referred to the fact that Ratliff had $200 in cash in his pocket at the time of his arrest, although he was apparently unemployed. Ratliff argues that this comment unfairly attacked his character and

prejudiced his defense. However, because Ratliff failed to object to the prosecutor's closing argument, relief is available only if the error was so obvious that failure to correct it would jeopardize the fairness and integrity of the trial. United States v. Rodgers, 981 F.2d 497, 499 (11th Cir. 1993).

"A prosecutor's comments [in closing argument] must be viewed in the context of the record as a whole, and will be the basis of reversal only if they result in prejudice affecting the substantial rights of the defendant." United States v. Harmas, 974 F.2d 1262, 1269 (11th Cir. 1992). "The sole purpose of closing argument is to assist the jury in analyzing the evidence." United States v. Iglesias, 915 F.2d 1524, 1529 (11th Cir. 1990). While a prosecutor may not exceed the evidence in closing argument, id., he may state conclusions drawn from the evidence, United States v. Johns, 734 F.2d 657, 663 (11th Cir. 1984).

The government's closing argument was consistent with the evidence introduced at trial. Ratliff himself testified that, although he never had full-time employment, he had $200 in his pocket when arrested. Therefore, it was not error for the prosecutor to refer to this evidence—which carried the legitimate inference that Ratliff had cash because he was dealing drugs—during the closing argument.

**AFFIRMED**.