[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10063
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cr-00038-RLL-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN LAMAR RATLIFF,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 24, 2018)

Before JILL PRYOR, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Kevin Lamar Ratliff, proceeding *pro se*, appeals the district court's denial of his Federal Rule of Criminal Procedure 36 motion to correct a clerical error in his presentence investigation report ("PSI").  After careful review, we affirm.

## I.    BACKGROUND

After a jury trial, Ratliff was convicted of one count of conspiring to distribute and possess with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 841(b)(1)(C).

Prior to sentencing, a probation officer prepared a PSI.  The PSI recommended that Ratliff be sentenced as a career offender pursuant to United States Sentencing Guideline § 4B1.1 because he was at least 18 at the time of the offense conduct, the conduct was a felony controlled substances offense, and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense.  *See* U.S.S.G. § 4B1.1(a).  In its description of Ratliff's criminal history, the PSI stated that Ratliff previously had been convicted for possession of cocaine with intent to sell under Florida law.  It also stated that he had a prior Florida conviction for possession of a controlled substance without a prescription.

The district court adopted the PSI and sentenced Ratliff to 360 months' imprisonment on each count, to be served concurrently, followed by an eight year term of supervised release.  Ratliff appealed his convictions, and this Court affirmed.  *See United States v. Ratliff*, 346 F. App'x 473 (11th Cir. 2009) (unpublished).

Following his appeal to this Court, Ratliff filed a motion in the district court to correct an error in the PSI pursuant to Rule 36.  Ratliff argued that the factual information contained in the PSI regarding his controlled substance offenses was ambiguous or inaccurate.  The district court denied Ratliff's motion, concluding that Ratliff had identified no clerical error.  This is Ratliff's appeal.

## II.    STANDARD OF REVIEW

We review *de novo* the district court's application of Rule 36.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

## III.    DISCUSSION

Ratliff argues that the district court erred by denying his Rule 36 motion. Rule 36 provides that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  This Court has explained that Rule 36 may be used to correct errors that are "minor and mechanical in nature." *Portillo*, 363 F.3d at 1164.  In contrast, Rule 36 may not be used "to make a

3

substantive alteration to a criminal sentence." *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016).

We disagree with Ratliff that his PSI contains a clerical error appropriate for resolution under Rule 36. First, assuming Rule 36 can be used to correct an error in the PSI, *see United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (explaining that a PSI "is a 'part of the record' within the meaning of Rule 36"), it is unclear whether Ratliff has identified an error. He argues that his PSI incorrectly states that he was convicted of possession with intent to sell cocaine. Relying upon a Florida state court judgment, which he attached to his motion, Ratliff argues he was convicted only of simple possession. Based on its case number, however, the state court judgment refers to a conviction for possession of a controlled substance without a prescription. The PSI separately refers to a Florida conviction for possession with intent to sell cocaine, and nothing in the record suggests that there was no such conviction.

Second, even if Ratliff had identified an error concerning his prior convictions in the PSI, such an error cannot properly be deemed clerical. Although Ratliff argues that he does not seek to alter his sentence through correction of the error in his PSI, editing a defendant's criminal history as set forth in the PSI could impact his status as a career offender, the calculation of criminal history points, or the length of his sentence. *See United States v. Whittington*, 918 F.2d 149, 151

4

(11th Cir. 1990) (holding that Rule 36 could not be used to "fundamentally change[] the sentence [the] appellant had earlier received"). Such an error is not "minor" or "uncontroversial" and thus may not be properly resolved in a Rule 36 motion. *See Portillo*, 363 F.3d at 1164 (internal quotation marks omitted).

**AFFIRMED**.